IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NEINSTEIN LLP,<br><br>       Plaintiff,<br><br>  v.<br><br>ANDY SIMPSON, and<br>DIGITAL LAW MARKETING, INC.,<br><br>       Defendants. | CIVIL ACTION FILE<br><br>NO. _____ |

## **COMPLAINT**

Plaintiff states its complaint for tortious interference against Defendant as set forth below.

## PARTIES

1.     Plaintiff Neinstein LLP ("Neinstein" or "Plaintiff") is limited liability partnership organized and existing under the laws of Canada having its principal office located at 1200 Bay St, Toronto, ON M5R 2A5.

2.     Defendant Andy Simpson ("Simpson") is an individual residing in Suwanee, Georgia in this judicial district.

3.     Defendant Digital Law Marketing, Inc. ("DLM") is a corporation organized and existing under the law of the State of Tennessee, and having its principal office located at 1900 Church Street, Suite 328, Nashville, TN 37203.

<u>JURISDICTION AND VENUE</u>

4.     This Court has personal jurisdiction over Defendant Simpson because he is a citizen of the State of Georgia and resides in Suwanee, Georgia, which is in this judicial district.

5.     This Court has personal jurisdiction over Defendant DLM because it maintains a regular and established place of business in the State of Georgia and employs Defendant Simpson, who both works for DLM and resides in Suwanee, Georgia, which is in this judicial district.

6.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 on the grounds that this action arises under the Unites States' Computer Fraud and Abuse Act (18 U.S.C. § 1030).  In the alternative, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) on the grounds that (a) the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs; and (b) this action is between citizens of a State and citizens or subjects of a foreign state.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) on the grounds that Defendant Simpson resides in this judicial district and, upon information and belief, a substantial part of the events giving rise to Neinstein's claim occurred in this judicial district.

FACTUAL BACKGROUND

8.      Neinstein is a law firm engaged in the practice of law primarily in the Province of Ontario, Canada, and providing legal services in the practice areas of personal injury and medical malpractice.

9.      Upon information and belief, Defendant Simpson is a "Senior SEO Specialist" employed by DLM in the field of "search engine optimization" or "SEO" and working from Simpson's home in Suwanee, Georgia.

10.      On and about February 12 2019 the Defendant Simpson accessed Neinstein's Google My Business ("GMB") account and force-changed the name of Neinsteins GMB listing from "Neinstein Personal Injury Lawyers" to "Neinstein."

11.      Simpson also took steps to have Neinstein's GMB listings for the areas of Hamilton, Mississauga, and Brampton suspended as well as their URL listing of https://medicalmalpractice.ca.

12.     On or about May 1 2019 the Defendant Simpson accessed Neinstein's GMB account and took steps to have Neinstein's main Google Map listing with over 200 reviews suspended.

13.     On or around May 8 2019 the Defendant Simpson accessed Neinstein's GMB account and took steps to have Neinstein's GMB listing for Neinstein Medical Malpractice Lawyers suspended.

14.     As a result of the actions taken by the Defendant Simpson, Neinstein's search engine optimization was adversely impacted.

15.     Upon information and belief, at all times pertinent hereto Defendant Simpson was acting as an employee or officer of Defendant DLM.

16.     Defendants' malicious, intentional, reckless and/or negligent conduct has directly resulted in business losses that have been continuous and ongoing since on or around February 12 2019.

17.     On May 9, 2019, before Neinstein knew the identity of Defendants, Neinstein filed a Statement of Claim in in the Ontario, Canada Superior Court of Justice against John Doe ("the Canadian Action").  A true and correct copy of the Statement of Claim is attached hereto as Exhibit A.

18.     In the Canadian Action, Neinstein learned the identity of Defendant Simpson through third party discovery on or about August 18, 2020.

19.    Upon further investigation, Neinstein learned Defendant Simpson was employed by Defendant DLM.

## COUNT I – VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT

20.    Neinstein repeats and reasserts the allegations of the preceding paragraphs as if set forth verbatim herein.

21.    The federal Computer Fraud and Abuse Act (18 U.S.C. § 1030) ("CFAA") imposes criminal and civil liability for unauthorized access or damage to a protected computer, which includes every computer connected to the Internet.

22.    By engaging in the conduct described herein above, Defendants violated the CFAA by, *inter alia,* intentionally accessing a protected computer without authorization and/or exceeding authorized access to obtain or alter information concerning Neinstein, and as a result of such conduct has caused damage and loss to Neinstein far in excess of $5,000 per year.

23.    As a result of Defendants' violations of the CFAA, Neinstein is entitled to damages in an amount to be determined by the Court, as well as injunctive or other equitable relief.

## COUNT II – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

24.    Neinstein repeats and reasserts the allegations of the preceding paragraphs as if set forth verbatim herein.

25.     Under Georgia law, a claim of tortious interference with business relations requires a plaintiff to "prove the following elements:  (1) improper action or wrongful conduct by the defendant without privilege; (2) the defendant acted purposely and with malice with the intent to injure; (3) the defendant induced a breach of a contractual obligation or caused a party or a third party to discontinue or fail to enter into an anticipated relationship with the plaintiff; and (4) the defendant's tortious conduct proximately caused damage to the plaintiff," and the defendants must also be strangers to the contract and the business relationship.  *See OnBrand Media v. Codex Consulting, Inc.,* 301 Ga. App. 141, 150, 687 S.E.2d 168, 176 (2009).

26.     Defendants' conduct described above satisfies each and every element of a tortious interference claim under Georgia law.

27.     Specifically, Defendants' improper action and wrongful conduct described above was without privilege, was purposeful and with malice with intent to injure Neinstein.

28.     Defendants' conduct induced a breach of a contractual obligation and/or caused one or more parties or third parties to discontinue or fail to enter into an anticipated relationship with the Neinstein.

29.     Defendants' tortious conduct proximately caused damage to Neinstein in the form of lost clients and lost revenue.

30.     Defendants are strangers to Neinstein's contracts and business relationships with its clients and prospective clients.

31.     As a result of Defendants' tortious interference with Neinstein's business, Defendants are liable for actual damages in excess of $75,000, and punitive damages under O.C.G.A. § 51-12-51 in an amount to be determined by a jury.

## COUNT III – COMPUTER TRESPASS UNDER THE GEORGIA COMPUTER SYSTEMS PROTECTION ACT

32.     Neinstein repeats and reasserts the allegations of the preceding paragraphs as if set forth verbatim herein.

33.     The Georgia Computer Systems Protection Act ("GCSPA") (O.C.G.A. § 16-9-93) defines the crime of computer trespass as follows:

(b) Computer Trespass.  Any person who uses a computer or computer network with knowledge that such use is without authority and with the intention of:

(1) Deleting or in any way removing, either temporarily or permanently, any computer program or data from a computer or computer network;

(2) Obstructing, interrupting, or in any way interfering with the use of a computer program or data; or

(3) Altering, damaging, or in any way causing the malfunction of a computer, computer network, or computer program, regardless of how long the alteration, damage, or malfunction persists

shall be guilty of the crime of computer trespass.

O.C.G.A. § 16-9-93(b).

34.     The GCSPA provides a civil remedy to those injured by violation of its provisions in addition to criminal penalties.  O.C.G.A. § 16-9-93(g), (h).

35.     Defendants conduct described above constitutes computer trespass under the GCSPA.

36.     Neinstein is entitled to its actual damages in excess of $75,000 as a result of Defendants' computer trespass.

### COUNT IV – COMPUTER FORGERY UNDER THE GEORGIA COMPUTER SYSTEMS PROTECTION ACT

37.     Neinstein repeats and reasserts the allegations of the preceding paragraphs as if set forth verbatim herein.

38.     The GCSPA defines the crime of Computer Forgery as follows:

(d) Computer Forgery. Any person who creates, alters, or deletes any data contained in any computer or computer network, who, if such person had created, altered, or deleted a tangible document or instrument would have committed forgery under Article 1 of this chapter, shall be guilty of the crime of computer forgery. The absence of a tangible writing directly created or altered by the offender shall not be a defense to the crime of computer forgery if a creation, alteration, or deletion of data was involved in lieu of a tangible document or instrument.

O.C.G.A. § 16-9-93(d).

39.     The GCSPA provides a civil remedy to those injured by violation of its provisions in addition to criminal penalties.  O.C.G.A. § 16-9-93(g), (h).

40.     Defendants conduct described above constitutes computer forgery under the GCSPA.

41.     Neinstein is entitled to damages as a result of Defendants' computer trespass in excess of $75,000.

## COUNT V – ATTORNEY'S FEES AND COSTS UNDER O.C.G.A. § 13-6-11

42.     Neinstein repeats and reasserts the allegations of the preceding paragraphs as if set forth verbatim herein.

43.     Under Georgia law, a jury may allow an award of attorney's fees if the party seeking the award has specially pleaded such an award and the party from whom attorney's fees are sought has acted in bad faith, been stubbornly litigious, or caused unnecessary trouble and expense (O.C.G.A. § 13-6-11).

44.     Neinstein has been forced to hire legal counsel and incur substantial attorney's fees and costs as a result of the Defendants' bad faith and stubbornly litigious conduct as set forth above, and Neinstein s therefore entitled to an award of attorney's fees and costs under Georgia law.

<u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury of all issues so triable.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays for the following relief:

A.     Entry of judgment that Defendants have violated the CFAA and caused significant financial injury to Neinstein;

B.     Entry of judgment that Defendants, jointly and severally, have tortiously interfered with Plaintiff's business relations;

C.     Entry of judgment that Defendants, jointly and severally, have committed computer trespass under the GCSPA;

D.     Entry of judgment that Defendants, jointly and severally, have committed computer forgery under the GCSPA;

E.     A judgment awarding Neinstein its actual and punitive damages, costs, and attorney's fees;

F.     A judgment enjoining Defendants from further interfering with Neinstein's business in the manner set forth herein;

G.     A judgment granting Plaintiff such other and further relief as the Court deems just and proper.

This 20th day of October, 2020.

**KENT & RISLEY LLC**

By: _/s/Daniel A. Kent_
  Daniel A. Kent
   dankent@kentrisley.com
   Tel:  (404) 585-4214
   Fax:  (404) 829-2412
  Stephen R. Risley
   steverisley@kentrisley.com
   Tel:  (404) 585-2101
   Fax:  (404) 389-9402
  5755 N Point Pkwy Ste 57
  Alpharetta, GA 30022

  Attorneys for Plaintiff